# United States Navy–Marine Corps Court of Criminal Appeals

_____

**UNITED STATES**
Appellee

**v.**

**Kevin B. PARKER**
Surface Sonar Technician Second Class (E-5), U.S. Navy
Appellant

**No. 201800223**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 4 March 2019

Military Judge: Captain Aaron Rugh, JAGC, USN

Sentence adjudged 10 April 2018 by a general court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, confinement for 24 months,[1] a fine of $1,000, and a bad-conduct discharge.

For Appellant:
_Commander R. D. Evans, Jr., JAGC, USN._

For Appellee:
_Lieutenant Jonathan Todd, JAGC, USN;_
_Captain Brian Farrell, USMC._

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Practice and Procedure 30.2.**

_____

---

[1] The Convening Authority suspended confinement in excess of 20 months pursuant to a pretrial agreement.

Before HUTCHISON, TANG, and GERDING,
*Appellate Military Judges.*

PER CURIAM:

The appellant was convicted, in accordance with his pleas, of possessing, viewing, and distributing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge, *sua sponte,* determined that Specifications 1 and 2 of the Charge,[2] alleging viewing and possessing child pornography, constituted an unreasonable multiplication of charges.[3] As a result, after findings, the military judge consolidated Specifications 1 and 2 into a single specification.[4]

In his sole assignment of error, the appellant contends that the Convening Authority's (CA) action fails to reflect the consolidated specification. We agree and order corrective action.

Neither the CA's action nor the staff judge advocate's recommendation (SJAR) correctly reflects the military judge's consolidation of Specifications 1 and 2. To be entitled to relief from error in the CA's action and SJAR, however, an appellant must make "some showing of possible prejudice." *United States v. Stevens*, 75 M.J. 548, 552 (N-M. Ct. Crim. App. 2015) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). In *Stevens*, the appellant requested a new CA's action because it failed to reflect that the military judge consolidated two specifications of wrongful appropriation. *Stevens*, 75 M.J. at 551-52. We held the appellant failed to show prejudice where he failed to object to the erroneous SJAR, received a favorable plea agreement, and the CA considered the record of trial which reflected that the specifications had been merged.

Here, although the SJAR failed to note that the military judge consolidated the two specifications, it did include as an enclosure, the report of results of trial, which did accurately reflect the charges, findings, and sentence. The trial defense counsel did not object to the SJAR or argue that the consolidation of the two specifications supported his request for clemency. In taking action, the CA noted that he considered the results of trial, the

---

[2] The Charge Sheet refers to the sole Charge as "Charge I."

[3] The military judge ruled that images of child pornography alleged to have been distributed in Specification 3, were different images than those alleged in Specifications 1 and 2 and therefore Specification 3 was not an unreasonable multiplication of charges. The appellant does not dispute the military judge's ruling, nor do we have reason to question it.

[4] *See* Appellate Exhibit VII.

SJAR, and the appellant's clemency request. As a result, the CA was aware that the appellant was convicted of viewing and possessing child pornography and took action based on that knowledge. As in *Stevens,* we find that the appellant has failed to make "some showing of possible prejudice" from the scrivener's error in the CA's action. *Stevens*, 75 M.J. at 552. Even though we find no prejudice, an appellant "is entitled to have [his] official records correctly reflect the results of the proceedings" and this court can remedy this error by ordering a correction. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

In order to ensure the appellant's official records accurately reflects the results of his court-martial proceedings, the supplemental court-martial order shall reflect that the military judge consolidated Specifications 1 and 2 of the Charge into a single Specification to read:

> In that Surface Sonar Technician Second Class Kevin B. Parker, U.S. Navy, Training Support Center San Diego, on active duty, did on divers occasions, at or near Yokosuka, Japan, from on or about 9 September 2014 to 27 January 2015, knowingly and wrongfully view and possess child pornography, to wit: images of minors, or what appears to be minors, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as approved by the CA are **AFFIRMED**.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court